IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cr-00064-MR-WCM-10

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CALIPH DEVON MAYO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on numerous issues.

On June 2, 2021, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 562.

Later that day, Defendant made his initial appearance. During that hearing, a request by Defendant for the appointment of counsel was granted. In addition, the Government moved for detention and Defendant was detained pending preliminary revocation and detention hearings which were set for June 4, 2021. Attorney Frank Abrams was assigned to represent Defendant.

On June 4, 2021, Mr. Abrams appeared with Defendant. The Government was represented by Special Assistant United States Attorney Alexis Solheim. At the beginning of the proceeding, defense counsel indicated that Defendant wanted his case to be resolved completely at that time, but that it had been explained to Defendant that final disposition of this matter would

take place at a later date before the District Court. Defendant, through Mr. Abrams, nonetheless requested that the Court proceed with a preliminary revocation hearing and a detention hearing, as noticed. During Mr. Abrams' initial statements, Defendant spoke out in agreement, at which point the undersigned instructed Defendant that he was represented by counsel and that he should not speak out of turn.

The Court first took up the issue of preliminary revocation and the Government began its presentation of evidence, calling Defendant's supervising United States Probation Officer. During the Government's direct examination, Defendant spoke privately though somewhat loudly with his counsel. The undersigned acknowledged Defendant's right to confer with counsel but indicated that Defendant should do so more quietly.

During cross-examination, the Government objected to a question asked by defense counsel. When the objection was sustained, Defendant reacted and appeared to ask the deputy United States Marshals present in the courtroom to let him leave the courtroom. The undersigned immediately advised Defendant pursuant to Rule 43 of the Federal Rules of Criminal Procedure that he was disrupting the proceedings. As that advisement was being given, Defendant requested to leave, and the Marshals were instructed to remove Defendant. As he was being escorted out of the courtroom and into the holding area, Defendant made various statements and, in at least one instance, uttered

profanity which was heard by the undersigned and undoubtedly by the numerous attorneys and other persons present in the courtroom waiting for other cases to be called. Considering this conduct, the Court indicated that it would consider contempt proceedings and a recess was taken.

When the hearing resumed, Defendant, who was located in a holding cell behind the courtroom, began singing, yelling, and otherwise causing a disturbance such that it was necessary for the United States Marshals to move him to another section of the courthouse. An additional recess was taken while this action took place.

Defense counsel then requested that the Court consider ending the day's proceedings pending the possible filing of competency related motions. The Government took no position on the request though indicated there could be some issue if Defendant were later found to be incompetent.

In its discretion, the Court denied the request, concluded the preliminary revocation hearing that was in progress, and found that probable cause existed as to the charges pending in the Petition. The Court then reset further proceedings for the end of morning calendar.

When the case was subsequently recalled, Defendant remained in custody in the courthouse but was not in the courtroom. The Court first returned to the question of whether a hearing on the Government's motion for detention should be postponed. In that regard, the Court noted that Defendant

had been held in custody under 18 U.S.C. §3142(f) pursuant to the Government's motion for detention and pending the detention hearing. Defense counsel then made an oral motion for a two-week postponement of the hearing on the Government's motion for detention. The Government did not object to that request and the Court granted it, noting that it would give defense counsel an opportunity to consider possible competency issues and, if necessary, file any appropriate motions.

Finally, the Court addressed the issue of contempt proceedings based on Defendant's conduct, including his use of profanity, and indicated that, under the circumstances, such proceedings would be held in abeyance.

**IT IS THEREFORE ORDERED THAT**:

1. The oral motion by defense counsel is **GRANTED** and a hearing on the Government's motion for detention is **CONTINUED** to June 18, 2021.
2. Defendant is **ADVISED** that the undersigned may consider the imposition of contempt sanctions against Defendant for his conduct in court on June 4, 2021. However, such proceedings are **HELD IN ABEYANCE** at this time.

Signed: June 7, 2021

W. Carleton Metcalf
United States Magistrate Judge