IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-CR-64-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CALIPH DEVON MAYO, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

This matter is before the Court regarding Defendant's competency.

A competency hearing was held on December 3, 2021. Assistant United States Attorney John Pritchard appeared for the Government and attorney Frank Abrams appeared with Defendant. At the conclusion of the hearing, the undersigned found Defendant competent to proceed. This Order follows and memorializes that ruling.

I. Relevant Procedural History

On June 2, 2021, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release ("Petition"). Defendant made his initial appearance on the Petition that same day. Preliminary revocation and detention hearings were scheduled for June 4, 2021.

As described in that Order dated June 7, 2021, Defendant was removed from the courtroom during his preliminary revocation hearing and probable

cause was found as to all violations. An oral motion by defense counsel to continue the detention hearing was allowed. Further, the Court advised that it may consider the imposition of contempt sanctions against Defendant for his conduct in open court on June 4, 2021, though held such proceedings in abeyance at that time. Doc. 568.

Also on June 7, 2021, defense counsel filed a motion requesting that a psychiatric or psychological evaluation of Defendant be conducted and that a hearing be held to determine if Defendant was competent. The Government responded and concurred with the motion. Docs. 567, 569.

On June 10, 2021, the undersigned granted Defendant's motion and committed Defendant to the custody of the Attorney General so that a psychiatric or psychological evaluation could be performed. The Court noted that, following resolution of the issue of Defendant's competency, the previous probable cause determination may be revisited, if appropriate. The detention hearing was also held in abeyance pending the outcome of Defendant's competency – related matters. Doc. 570.

On November 29, 2021, a Forensic Evaluation ("Evaluation"), which had been prepared by Michael Coffman, Psy.D., Forensic Psychologist, at the Federal Detention Center in Miami, Florida, was filed. Doc 587.

As noted, a competency hearing was held on December 3, 2021.

## II. Findings

### A. Competency

In the Evaluation, Dr. Coffman states that "there is no objective evidence that [Defendant] is currently experiencing the symptoms of a severe mental disease or defect that would impair his rational and factual understanding and ability to participate in his legal defense, should he choose to do so." Therefore, Dr. Coffman opines that Defendant "should be found competent to participate in his legal proceedings." Doc. 587 at 11.

During the competency hearing, the Government urged the Court to endorse the conclusions in the Evaluation and to find Defendant competent to proceed. Defendant did not offer any evidence and did not contest the competency opinion in the Evaluation.

Having carefully reviewed the Evaluation and considered the positions of the parties, the undersigned accepts the conclusions in the Evaluation and finds that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

### B. Other Matters

In light of the Court's finding of competency, the undersigned inquired of the parties as to their positions on the issue of whether the previous

determination of probable cause should be revisited. The Government indicated that it did not believe that conclusion should be revisited. Defendant likewise stated that he did not wish to be heard further on the issue of probable cause.

Hearings on the Government's motion for detention and on the issue of contempt, both of which had been held in abeyance previously, were scheduled now that Defendant's competency has been determined.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant is **DEEMED COMPETENT** to participate in further proceedings in this matter.
2. The Court's previous determination of probable cause remains in place.

Signed: December 3, 2021

_____
W. Carleton Metcalf
United States Magistrate Judge