IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-CR-64-MR-WCM

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CALIPH DEVON MAYO, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

This matter is before the Court concerning the issue of contempt. A hearing was conducted on December 17, 2021. At the conclusion of the hearing, the undersigned took the matter under advisement. This Order now follows.

I. Relevant Procedural History

In a Bill of Indictment filed on May 18, 2016, Defendant was charged with multiple offenses related to the distribution and/or possession of controlled substances. Doc. 3.

On September 28, 2016, Defendant pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). Defendant was later sentenced to a term of fifty-seven (57) months imprisonment, to be followed by three (3) years of supervised release, and was ordered to pay a $100.00 special assessment. Doc 377.

On November 23, 2020, Defendant's supervised release was revoked, and he was sentenced to a term of imprisonment of three (3) months to be followed

1

by two (2) years of supervised release. Doc. 524.

On June 2, 2021, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release ("Petition" Doc. 562). Violation Number 4 alleged that, on June 2, 2021, Defendant reported to the United States Marshals' Office at the United States Courthouse "to be arrested right now" and refused to report to the United States Probation Office, despite being directed to do so by the supervising Probation Officer. Id. at 2.

Defendant made his initial appearance on the Petition that same day. Preliminary revocation and detention hearings were scheduled for June 4, 2021.

As described in that Order dated June 7, 2021, Defendant was removed from the courtroom during his preliminary revocation hearing and probable cause was found as to all violations. An oral motion by defense counsel to continue the detention hearing was allowed. Further, the Court advised that it may consider the imposition of contempt sanctions against Defendant for his conduct in open court on June 4, 2021, though such proceedings were held in abeyance at that time. Doc. 568.

Also on June 7, 2021, defense counsel filed a motion requesting that a psychiatric or psychological evaluation of Defendant be conducted and that a hearing be held to determine if Defendant was competent. The Government responded and concurred with the motion. Docs. 567, 569.

On June 10, 2021, the undersigned granted the motion by defense counsel and committed Defendant to the custody of the Attorney General so that an appropriate psychiatric or psychological evaluation could be performed. The Court noted that, following resolution of the issue of Defendant's competency, the determination of probable cause made during the June 4, 2021 proceedings may be revisited, if appropriate. The detention hearing was also held in abeyance pending the outcome of Defendant's competency – related matters. Doc. 570.

On November 29, 2021, a Forensic Evaluation ("Evaluation"), which had been prepared by Michael Coffman, Psy.D., Forensic Psychologist, at the Federal Detention Center in Miami, Florida ("FDC Miami"), was filed. Doc 587.

Following a competency hearing on December 3, 2021, Defendant was deemed competent to proceed. Doc. 588. Detention and contempt hearings were scheduled for December 8, 2021.

On December 6, 2021, Defendant filed a motion requesting that his contempt hearing be continued. Doc. 590. That request was allowed by the undersigned the following day.

On December 8, Defendant waived his right to a detention hearing at that time, preserving his right to request such a hearing in the future. Doc. 593. Accordingly, a hearing on the Government's motion for detention was continued indefinitely for cause and Defendant was ordered detained without

3

bond pending further proceedings.

## II. The Contempt Hearing

A hearing on the issue of contempt was conducted on December 17, 2021.

### A. Defendant's Motion to Seal

Prior to the hearing, defense counsel submitted various of Defendant's medical records and also filed a motion requesting that those records be sealed. Docs. 595, 596. During the contempt hearing, the motion to seal was granted without objection by the Government.

### B. The Parties' Positions

As to the issue of contempt itself, the Government argued that it believed contempt sanctions were called for under the circumstances.

Defendant, through counsel, contended that he was not in a lucid state of mind on the day in question and could not control himself. In support of this position, Defendant cited to his medical records, some of which describe horrific events Defendant suffered or witnessed as a child. In short, defense counsel contended that while Defendant was competent, he was suffering from mental impairments on June 4 to the point that his actions were not purposeful.

Defendant was allowed to speak, addressed the Court, and apologized to the Court and the Government for his previous behavior.

In rebuttal, the Government argued that there was no evidence before the Court to show that Defendant had suffered a psychotic break on June 4

and further pointed to Defendant's Evaluation as evidence that Defendant knew what he had done.

### C. Discussion

Defendant's conduct during and in relation to the June 4, 2021 hearings is described in previous filings, including that Order dated June 7, 2021. Doc. 568. That conduct included speaking out of turn or loudly as his preliminary revocation hearing was in process. More significantly, as he was being escorted out of the courtroom, he made various statements, including at least one utterance of profanity that was loud enough to be heard across the courtroom. In addition, when the hearing resumed after a recess, Defendant began singing, yelling, and otherwise causing such a disturbance in the holding cell behind the courtroom that it was necessary for the United States Marshals to move Defendant to another location in the courthouse so that the proceedings could continue.

Defendant's apology is noted and appreciated. In addition, when he appeared before the Court after June 4, Defendant was calm and respectful and acted appropriately. The undersigned is hopeful that Defendant will conduct himself likewise during any future court appearances.

Defendant's personal experiences, as referenced by his attorney and as indicated in the medical records defense counsel has submitted, are also acknowledged.

5

Case 1:16-cr-00064-MR-WCM   Document 598   Filed 01/03/22   Page 5 of 8

Nonetheless, as the Government points out, the record does not contain specific information that would indicate Defendant was unable to control himself and act appropriately on June 4. To the contrary, the record suggests that Defendant made deliberate choices with regard to his conduct.

As noted, Defendant was subsequently designated to FDC Miami for a competency evaluation, arriving there on July 13, 2021, which was over a month following the June 4 hearing. The Evaluation contains quotes of statements allegedly made by Defendant himself during monitored communications with an outside party. In those communications, Defendant specifically recalled and explained to the listener that he had "flipped out in court" and made certain statements to "the judge, the DA, and the government…."

This interpretation of Defendant's mindset on June 4 is consistent with other information in the record, which reveals that Defendant has at other times failed to comply with directions or otherwise intentionally engaged in disruptive conduct.

As indicated by the Petition, on June 2, Defendant reported to the United States Marshals' Office at the federal courthouse and refused to leave to report to the Probation Office.

In addition, Defendant's level of cooperation with examination procedures during his competency evaluation was poor. When Defendant was

encouraged to complete a psychological test he had not finished, he expressed irritation. After the evaluator attempted to explain the importance of Defendant completing the test, Defendant began yelling loudly, became increasingly disruptive, refused to participate in the evaluation further, and demanded to return to his unit. Once this request was accommodated, Defendant demonstrated a calm demeanor. Doc. 587 at 5. These actions were also apparently intentional. Id. at 6 (noting that Defendant was consistently oriented to his circumstances and showed no evidence of delusional or disorganized thought content); Id. at 8 (stating that observations suggested that Defendant "feels entitled to engage in destructive and/or hostile behavior if his wishes are not accommodated," but that he "is capable of exerting self–control when he wishes to").

Having considered the information and arguments provided during and in connection with the hearing on December 17, 2021 as well as the other matters of record, including the Evaluation, and relevant authorities, the undersigned finds and concludes that contempt sanctions are appropriate and required.

**IT IS THEREFORE ORDERED THAT:**

1. Pursuant to 28 U.S.C. 636(e)(2), in response to Defendant's misbehavior in the Court's presence on June 4, 2021, which obstructed the administration of justice, Defendant is **HELD IN CONTEMPT** and is sentenced to **thirty (30) days imprisonment**.

2. Defendant retains his right to request a hearing on the Government's motion for detention. However, he may do so only after completion of the period of imprisonment imposed by this Order.

Signed: December 30, 2021

W. Carleton Metcalf
United States Magistrate Judge