IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00064-MR-WCM-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> (10) CALIPH DEVON MAYO, ) <br> ) <br> Defendant. ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Notice of Appeal of Magistrate Judge's Finding that Defendant Committed What Constitutes Direct Contempt of Court and Related Sentence of Thirty Days, and Attached Memorandum of Law." [Doc. 600].

## I. BACKGROUND

On May 18, 2016, the Defendant, Caliph Devon Mayo ("Defendant"), was charged in a multi-defendant Bill of Indictment with multiple offenses related to the distribution and/or possession of controlled substances. [Doc. 3]. On September 28, 2016, the Defendant pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a), and the Defendant was subsequently sentenced to a term of fifty-seven (57)

months imprisonment followed by three (3) years of supervised release. [Doc. 377]. On November 23, 2020, the Defendant's supervised release was revoked, and the Defendant was sentenced to a term of three (3) months imprisonment followed by two (2) years of supervised release. [Doc. 524].

On June 2, 2021, the United States Probation Office filed a Petition alleging that the Defendant had again violated the terms and conditions of his supervised release. [Doc. 562]. Later that day, the Defendant made his initial appearance, and Attorney Frank Abrams ("Defense Counsel") was appointed to represent the Defendant. [See Doc. 568 at 1].

On June 4, 2021, the Defendant appeared before the Honorable W. Carleton Metcalf, United States Magistrate Judge, for a preliminary revocation and detention hearing. [See id.]. At that hearing, the Government objected to a question asked by Defense Counsel, and the Defendant reacted by asking to leave the courtroom. [Id. at 2]. The Magistrate Judge then advised the Defendant that he was disrupting the proceedings. [Id.]. The Defendant again asked to leave the courtroom, and the Magistrate Judge directed the Marshals to remove the Defendant. [Id.]. As the Defendant was being escorted out of the courtroom, the Defendant uttered profanity that was heard by the Magistrate Judge. [Id. at 2-3]. The

Magistrate Judge then advised Defense Counsel that he would consider contempt proceedings against the Defendant, and the Court recessed. [Id.].

When the hearing resumed, the Defendant could be heard singing and yelling from a holding cell located behind the courtroom. [Id. at 3]. The Court then recessed again so that the Defendant could be relocated to another area of the courthouse. [Id.]. After the recess, the Magistrate Judge concluded that probable cause existed as to the charges in the Petition and reset further proceedings for later that day. [Id.]. When the Defendant's revocation hearing again resumed later in the day, the Defendant was not in the courtroom but remained in custody in the courthouse. [Id.]. Defense Counsel then orally moved to postpone the Government's motion for detention, and the Court granted a two-week postponement. [Id. at 4]. On June 7, 2021, Defense Counsel also filed a motion requesting that a competency evaluation of the Defendant be conducted and a hearing be held to determine the Defendant's competency. [Doc. 567].

On November 29, 2021, a forensic evaluation prepared by Michael Coffman, Psy.D., Forensic Psychologist, was filed. [Doc. 587]. Later that week, on December 3, 2021, a competency hearing was held before the Magistrate Judge, and the Defendant was deemed to be competent. [Doc. 588]. On December 6, 2021, Defense Counsel moved to continue the

3

Case 1:16-cr-00064-MR-WCM   Document 610   Filed 02/04/22   Page 3 of 10

Defendant's hearing on the issue of contempt, [Doc. 590], and, on December 7, 2021, the Magistrate Judge issued an Order continuing the contempt hearing. [Doc. 592]. On December 8, 2021, the Defendant also waived his right to a detention hearing, and the Defendant was ordered detained without bond pending further proceedings. [Doc. 593; Doc. 598 at 3-4].

On December 17, 2021, the Defendant appeared before the Magistrate Judge for a contempt hearing. [Doc. 598 at 4]. In preparation for the hearing, Defense Counsel filed a memorandum in opposition to a possible finding of contempt. [Doc. 591]. On January 3, 2022, the Magistrate Judge issued an Order holding the Defendant in contempt pursuant to 28 U.S.C. § 636(e)(2) for his conduct at the June 4, 2021 revocation hearing and sentenced the Defendant to thirty (30) days imprisonment. [Doc. 598 at 8]. The Defendant now appeals the Magistrate Judge's Order holding him in contempt. [Doc. 600].

## II. STANDARD OF REVIEW

Courts reviewing a contempt conviction "assess the magistrate judge's legal conclusions de novo and his factual findings for clear error." In re Oliphant, No. 20-6163, 2022 WL 34144, at *3 (4th Cir. 2022) (citing United States v. Peoples, 698 F.3d 185, 189 (4th Cir. 2012)). Further, "[i]n evaluating the sufficiency of the evidence, [the Court] ask[s] whether 'there

4

Case 1:16-cr-00064-MR-WCM   Document 610   Filed 02/04/22   Page 4 of 10

is substantial evidence to support the verdict,' i.e., 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of [the Defendant's] guilt beyond a reasonable doubt.'" Id.

### III. DISCUSSION

The Defendant asserts that the Magistrate Judge's Order is "both substantively and procedurally flawed." [Doc. 600 at 3]. First, the Defendant argues that the Order is procedurally defective because direct criminal contempt must "be considered and punished at the time the actions constituting the alleged contempt occurred," and the Magistrate Judge's Order was instead issued seven months after the June 4, 2021 revocation hearing. [Id. at 4].

Federal Rule of Criminal Procedure 42 provides that a magistrate judge may, pursuant to 28 U.S.C. § 636(e)(2), summarily punish a person who commits criminal contempt in the magistrate judge's presence. Fed. R. Crim. P. 42(b); see also 28 U.S.C. § 636(e)(2) ("A magistrate judge shall have the power to punish summarily . . . such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice."). The Supreme Court has instructed that to punish "summarily," as that term is used in Rule 42, "does not refer to the timing of the action with reference

5

to the offense but refers to a procedure which dispenses with the formality, delay and digression" of a conventional court trial. Sacher v. United States, 343 U.S. 1, 9, 72 S. Ct. 451, 96 L.Ed. 717 (1952). Thus, a magistrate judge need not issue summary punishment immediately upon the occurrence of contemptuous behavior. Indeed, if summary punishment could "be imposed only instantly upon the event, it would be an incentive to pronounce, while smarting under the irritation of the contemptuous act, what should be a well-considered judgment." See id. at 11. Accordingly, the Magistrate Judge was not required to hold the Defendant in contempt and issue a punishment at the time of the Defendant's actions on June 4, 2021.[1]

The Defendant also argues that the Magistrate Judge was required to issue the contempt ruling in open court and advise the Defendant of his right to appeal the Order. [Doc. 600 at 4]. Contempt judgments must be public. Sacher, 343 U.S. at 10. Here, the December 17, 2021 contempt hearing was open to the public, and the Magistrate Judge's Order was issued on the

---

[1] Notably, most of the seven-month gap of time between the June 4, 2021 revocation hearing and the Magistrate Judge's Order issued on January 3, 2022 can be attributed to the five months taken to conduct a competency evaluation of the Defendant as requested by Defense Counsel. Further, one week after the evaluation was filed in late November, Defense Counsel moved to continue the Defendant's contempt hearing, originally scheduled for December 8, 2021. [Doc. 590]. The contempt hearing was then rescheduled for December 17, 2021, and the Magistrate Judge's Order followed three weeks later. [Doc. 598]. In light of Defense Counsel's requests, the Magistrate Judge considered and disposed of this matter in a timely and efficient manner.

6

public docket. [See Doc. 598]. Accordingly, the Magistrate Judge's ruling fulfills this requirement.

The Defendant cites no authority for the proposition that a magistrate judge summarily punishing a defendant for criminal contempt must advise the defendant of his appellate rights.[2] Federal Rule of Criminal Procedure 32(j) requires a sentencing court to advise a criminal defendant of his right to appeal his conviction, if he pleaded not guilty, and his sentence. Fed. R. Crim. P. 32(j)(1)(A)-(B). In instances where a criminal defendant has challenged his sentence, in part, because the sentencing court failed to advise him of his right to appeal, such an error on the part of the district court is harmless if the defendant was not prejudiced. See United States v. Tapp, 276 F. App'x 258, 260 (4th Cir. 2007) ("Any failure by the district court to advise Tapp of his right to appeal is clearly harmless as his attorney timely filed a notice of appeal."); see also Peguero v. United States, 526 U.S. 23, 24, 119 S. Ct. 961, 143 L.Ed.2d 18 (1999) ("[A] district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the

---

[2] Instead, the Defendant cites the Supreme Court's decision in Bloom v. State of Illinois, 391 U.S. 194, 88 S. Ct. 1477, 20 L.Ed.2d 522 (1968). In Bloom, the Supreme Court held that when serious punishment for contempt is contemplated, a defendant in criminal contempt proceedings is entitled to a jury trial. Bloom, 391 U.S. at 207-10. However, the Supreme Court in Bloom did not address whether the court must advise a defendant who is summarily punished for contempt of his right to appeal.

omission."). Thus, even if the Magistrate Judge was required to advise the Defendant of his appellate rights, the failure to do so would be harmless because the Defendant filed a timely notice of appeal and, therefore, suffered no prejudice.

The Defendant further argues that the Magistrate Judge's Order is substantively flawed because the Defendant's conduct at the June 4, 2021 revocation hearing was not intentional and the Defendant does not remember the events that took place at the revocation hearing. [Doc. 600 at 1, 3, 6]. The Defendant also asserts that "the court cannot substitute the judgement [sic] of one performing a psychiatric or psychological evaluation for its own judgment in determining whether [the Defendant's conduct was] purposeful and calculated to hinder the administration of justice [or constitutes] direct criminal contempt." [Id. at 4].

A conviction of criminal contempt requires proof of the following four elements beyond a reasonable doubt: "(1) misbehavior of a person, (2) which is in or near to the presence of the court, (3) which obstructs the administration of justice, and (4) which is committed with the required degree of criminal intent." In re Oliphant, 2022 WL 34144, at *4 (quoting Peoples, 698 F.3d at 189). The element of criminal intent is satisfied by "a volitional act done by one who knows or should reasonably be aware that his conduct

8

is wrongful." Id. (quoting United States v. Marx, 553 F.2d 874, 876 (4th Cir. 1977)).

The Magistrate Judge found that the Defendant's contemptuous behavior at the June 4, 2021 revocation hearing was intentional. [Doc. 598 at 6-7]. In reaching that conclusion, the Magistrate Judge relied upon the evaluation conducted by Dr. Coffman. There, Dr. Coffman noted that the Defendant engaged in disruptive behavior and refused to complete the evaluation. [Doc. 587 at 5-6]. However, Dr. Coffman explained that his observations of the Defendant "suggest he feels entitled to engage in disruptive and/or hostile behavior if his wishes are not accommodated, but is capable of exerting self-control when he wishes to." [Id. at 8]. Further, the Defendant's own monitored communications, in which he stated that he had "flipped out in court," [id. at 10], refute the Defendant's argument that he does not recall his behavior at the revocation hearing. In the evaluation, Dr. Coffman concluded that the Defendant's monitored communications "revealed he was consistently oriented to his circumstances" and did not suggest delusional or disorganized thought. [Id. at 6]. This evidence is sufficient to support a finding of criminal intent on the part of the Defendant.

9

For all these reasons, the Magistrate Judge's Order holding the Defendant in contempt and sentencing the Defendant to thirty days imprisonment is affirmed.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order [Doc. 598] holding the Defendant in contempt and sentencing the Defendant to thirty (30) days imprisonment is **AFFIRMED.**

**IT IS SO ORDERED.**

Signed: February 4, 2022

Martin Reidinger
Chief United States District Judge